UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CARINE M. VOLNY,

              Plaintiff,

-against-

GRM TRANSPORT LIMITED LIABILITY
COMPANY and R. GYOKHAN MUSTAFA

              Defendants.
----------------------------------------------------------------X

Docket No.: 1:21-cv-00044

**NOTICE OF REMOVAL**

TO:   UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF NEW YORK

      Defendants, GRM Transport Limited Liability Company and Gyokhan R. Mustafa s/h/a R. Gyokhan Mustafa, by and through their attorneys, Kerley, Walsh, Matera & Cinquemani, P.C., state as follows:

      1.     Upon information and belief, Plaintiff, Carine M. Volny, commenced this personal injury action by filing a Summons and Complaint on or about November 24, 2020 (the "Summons and Complaint") in the Supreme Court of the State of New York, County of Kings, styled <u>Carine M. Volny v. GRM Transport Limited Liability Company, et al.</u>, and bearing Index No. 523531/2020. Annexed hereto as **Exhibit "A"** is a true and accurate copy of the Summons and Complaint.

      2.     Pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441 <u>et seq.</u>, Defendants hereby remove this action to the United States District Court for the Eastern District of New York, which is the judicial district in which the action is pending.

## NATURE OF THE ACTION

3. Plaintiff, who upon information and belief, is domiciled in Kings County, New York, alleges that on June 3, 2019, a vehicle which she was operating came into contact with a vehicle owned and operated by the Defendants. Plaintiff further alleges that the contact of the two vehicles was the result of negligence of the Defendants without any fault of negligence on the part of Plaintiff, and that as a result of said negligence, Plaintiff was caused to suffer serious physical injury as defined under Insurance Law Section 5102(d).

4. Pursuant to the New York State Department of Motor Vehicles Police Accident Report, and the Complaint, plaintiff is domiciled in Kings County, New York, and as such, is a citizen of the State of New York. Annexed hereto as **Exhibit "B"** is a true and accurate copy of the Police Accident Report, with personal identifying information redacted.

5. Defendant Gyokhan R. Mustafa s/h/a R. Gyokhan Mustafa is now, and at the time of the commencement of the State action, domiciled in and a citizen of the State of New Jersey. Annexed hereto as **Exhibit "C"** is a Declaration of Gyokhan R. Mustafa. *See* Exhibit "C" ¶¶ 4-6.

6. Defendant GRM Transport Limited Liability Company, is now, and at the time of the commencement of the State action, a Limited Liability Company registered in State of New Jersey, with its principal place of business located in the State of New Jersey. It does not maintain any offices in the State of New York. Id. at ¶¶ 7-8.

7. Defendant Gyokhan R. Mustafa s/h/a R. Gyokhan Mustafa is the sole member of Defendant GRM Transport Limited Liability Company. Id. At ¶ 3. At the time of the commencement of the State action, and presently, Defendant GRM Transport Limited Liability Company did not, and does not have any other members. Before the commencement of the State action, Defendant GRM Transport Limited Liability Company had one additional member, Kevin

Costner, who was also domiciled and citizen of the State of New Jersey. GRM Transport Limited Liability Company does not maintain any offices in the State of New York. As such, Defendant GRM Transport Limited Liability Company is a citizen of the State of New Jersey. Id. at ¶¶ 8-10.

8. Plaintiff seeks monetary damages in excess of $75,000.00. Specifically, plaintiff has made a settlement demand in the amount of $525,000.00. Annexed hereto as **Exhibit "D"** is an e-mail from plaintiff's counsel making a settlement demand in the amount of $525,000.00.

## IDENTITY OF THE PARTIES

9. According to the Complaint, and the New York State Department of Motor Vehicles Police Accident Report, plaintiff is domiciled in Kings County, New York, and as such, is a citizen of the State of New York. See above Nature of the Action section and Exhibits "A" and "B".

10. Defendants are domiciled in the State of New Jersey, and as such, are citizens of the State of New Jersey. See above Nature of the Action section and Exhibits "B" and "C".

## AMOUNT IN CONTROVERSY

11. On December 14, 2020, plaintiff's counsel e-mailed the undersigned and made a settlement demand in the amount of $525,000.00. See Exhibit "D"

12. Plaintiff alleges that as a result of the subject incident, plaintiff sustained, a number of physical injuries, including, but not limited to, a right shoulder rotator cuff tear requiring surgical intervention, cervical disc bulges at C5-6, and lumbar disc bulges at L2-3 through L4-5.

13. As such, the damages sought and the amount in controversy exceeds $75,000.00. See Exhibit "D".

## TIMELINESS OF THE REMOVAL

14. Plaintiff filed her Summons and Complaint on or about November 24, 2020.

15. Defendants initially filed a Notice of Removal on December 14, 2020. By way of Order dated December 29, 2020, the Honorable Pamela K. Chen, U.S.D.J. remanded this matter to the New York State Supreme Court, Kings County, under Index No. 523531/2020, for lack of federal subject matter jurisdiction. Specifically, Judge Chen found that the defendants failed to meet their burden to show that the $75,000.00 jurisdictional amount required for diversity jurisdiction had been satisfied. Annexed hereto as **Exhibit "E"** is a true and accurate copy of the December 29, 2020 Order of the Honorable Pamela K. Chen, U.S.D.J.

16. On December 14, 2020, plaintiff provided written confirmation of the amount of damages sought, which is in excess of $75,000.00. Specifically, plaintiff sent an e-mail to the undersigned and made a settlement demand in the amount of $525,000.00

17. This Notice of Removal is timely filed with this Court within thirty (30) days of the time that plaintiff served the defendants with information explicitly specifying the amount of monetary damages sought. Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010). See also, Romulus v. CVS Pharm., Inc., 770 F.3d 67, 72, 2014 U.S. App. LEXIS 20548, 23 Wage & Hour Cas. 2d (BNA) 1190 (1st Cir. Mass. 2014) (Section 1446(b)'s thirty-day clocks are triggered when the plaintiff's complaint or subsequent paper provides defendant with sufficient information to easily determine that a matter is removable. The defendant has no duty to investigate or to supply facts outside of those provided by the plaintiff.).

## **PLEA FOR REMOVAL**

18. The grounds for removal are diversity of citizenship of the parties and an amount in controversy exceeding the sum specified in 28 U.S.C. § 1332.

19. None of the impediments to removal under 28 U.S.C. § 1445 are present in this action. This Notice of Removal is filed with the Court within thirty (30) days after provided

specifics as to the amount in controversy. As such, Defendants request that this matter be removed to the United States District Court for the Eastern District of New York in Brooklyn, New York.

## NON-WAIVER OF RIGHTS

20. By filing a Notice of Removal in this matter, Defendants do not waive their rights to object to sufficiency of service of process or lack of personal jurisdiction, and it specifically reserves the right to assert those and any other defenses and/or objections to which they may be entitled as a matter of law or equity.

## WRITTEN NOTICE OF REMOVAL

21. Notice of this filing is being served on plaintiff's counsel in accordance with 28 U.S.C. § 1446(d), simultaneous with the filing of this pleading.

22. Promptly after filing this Notice of Removal, a true copy will be filed with the Supreme Court of the State of New York, Kings County, in accordance with 28 U.S.C. § 1446(d).

## PLEADINGS, PROCESS AND ORDERS SERVED UPON DEFENDANTS IN THE STATE COURT ACTION TO DATE

23. All State court papers served on and by party at the time of removal are annexed hereto as follows:

| | |
|---|---|
| Exhibit "A" | Plaintiff's Summons and Complaint; |
| Exhibit "F" | Affidavits of Service of the Complaint upon Defendants; |
| Exhibit "G" | Notice of Filing of Notice of Removal; |
| Exhibit "H" | Notice of Remand; and |
| Exhibit "I" | Request for Judicial Intervention. |
| Exhibit "J" | Defendants Answer, which was initial filed in the U.S. District Court, Eastern District of New York after the initial Notice of Removal. |

**WHEREFORE**, Defendants GRM TRANSPORT LIMITED LIABILITY COMPANY and GYOKHAN R. MUSTAFA s/h/a R. GYOKHAN MUSTAFA, respectfully request that the instant action be removed to this Court from the Supreme Court of the State of New York, County of Kings; that this Court accept jurisdiction of this action; and that this action be placed on the docket of this Court for all further proceedings, as though this action had been originally instituted in this Court.

PLEASE TAKE FURTHER NOTICE THAT defendants GRM TRANSPORT LIMITED LIABILITY COMPANY and GYOKHAN R. MUSTAFA s/h/a R. GYOKHAN MUSTAFA respectfully request a trial by jury of this action pursuant to Fed. R. Civ. P. 38(b).

Dated: Mountainside, New Jersey
January 5, 2020

KERLEY, WALSH, MATERA & CINQUEMANI, P.C.

By:  */s/ Johan A. Obregon*
JOHAN A. OBREGON (JO1348)
*Attorneys for Defendants*
GRM TRANSPORT LLC and
GYOKHAN R. MUSTAFA s/h/a
R. GYOKHAN MUSTAFA
2174 Jackson Avenue
Seaford, New York 11783
(516) 409-6200
JObregon@kerleywalsh.com
File No.  24665

**-and (please send correspondence to N.J. office)**

NEW JERSEY OFFICE
Johan A. Obregon, Esq.
KERLEY, WALSH, MATERA & CINQUEMANI, P.C.
200 Sheffield Street, Suite 208
Mountainside, New Jersey 07092
(908) 264-7361

To:     Karine Bogoraz, Esq.
        William Lawlor, Esq.
        BOGORAZ LAW GROUP, P.C.
        *Attorneys for Plaintiff*
        CARINE M. VOLNY
        3820 Nostrand Avenue, Suite 106
        Brooklyn, New York 11235
        (646) 809-1616
        File No.: 19-2654
        Bill@blglegal.com